UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

DANIEL FERLOIN,

          Plaintiff,

v.

FINANCIAL RECOVERY CENTER, INC.,

          Defendant.

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Jury Trial Demanded

## INTRODUCTION

1. This is an action for damages and declaratory relief by an individual consumer for repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter the "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) in that the Plaintiff resides here, defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, DANIEL FERLOIN ("Plaintiff"), is a natural person residing at 65 S. Union Terrace, Unit #2, Williamsville, New York 14221, residing in the Western District of New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant FINANCIAL RECOVERY CENTER, INC. ("Defendant"), is corporation organized under the laws of New York, that Defendant regularly engages in the collection of debt in this state, and that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. That all references to Defendant shall include an employee or employees of Defendant.

## FACTUAL ALLEGATIONS

7. That Plaintiff incurred a financial obligation to Western New York Immediate Care arising out of a transaction that was primarily for personal, family, or household purposes (hereinafter the "Account").

8. That the Account is a "debt" as defined by 15 U.S.C. § 1692a(5).

9. That following Plaintiff's default on the Account, the Account was assigned, placed or otherwise transferred to the Defendant for collection from Plaintiff.

10. That Plaintiff has received phone calls and voicemail messages from Defendant who was attempting to collect the Account, which calls each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

11. That beginning on or about August, 2008, Defendant contacted an unauthorized third party, to wit: Plaintiff's mother, and communicated with such unauthorized third party the existence of the Account, which statements and actions constitute violations of the FDCPA as unauthorized communication with a third party, 15 U.S.C. § 1692b(1), and 15 U.S.C. § 1692b(2).

12. That, on or about August 22, 2008, following such unauthorized third party contact, Plaintiff contacted Defendant via telephone to instruct Defendant not to contact his mother, and in an attempt to reach a reasonable resolution of the Account (the "August 22 Communication").

13. That during such August 22, 2008, conversation Defendant stated that the Account was a $40.00 missed copay (the "Debt").

14. That during the August 22 Communication Plaintiff explained to Defendant that he was 33 years old, that he had not lived with his mother in over ten (10) years, that he did not give permission to contact his mother, instructed Defendant not to contact his mother in the future.

15. That despite such clear instructions, Defendant refused to remove Plaintiff's mother's telephone number from the Account and indicated that his mother may be called in the future, which statements and actions violate the FDCPA, including but not limited to, conduct the natural consequence of which is to harass, oppress, embarrass or abuse the Plaintiff in connection with the collection of the alleged Account, FDCPA, 15 U.S.C. § 1692d, and the use of false, deceptive, or misleading representations, FDCPA, 15 U.S.C. § 1692e(5)

16. That following the August 22 Communication, Plaintiff was concerned that his Mother would again be contacted by Defendant, and, on August 25, 2008, Defendant again contacted Defendant's office in an effort to remove his mother's telephone number (the "August 25 Communication").

17. That during the August 25 Communication Plaintiff again expressed his embarrassment and concern that his mother was being contacted on this account, that he did not want his mother to be called.

18. That again Defendant refused to remove Plaintiff's mother's telephone number from the Account.

19. That during the August 25 Communication Plaintiff advised Defendant that he had limited income and that he had other significant, vital responsibilities; however, in the interest of resolving the matter, Plaintiff advised Defendant that he would make payments to Defendant on the Account once his other obligations were satisfied.

20. That during such August 25, 2008, telephone conversation Defendant demanded payment, and threatened Plaintiff for failing to pay on the Account "you're gonna be sued," and stated that "we're trying to work with you voluntarily, if you don't pay it and it's a refusal then yes, [the creditor] can go ahead and sue you and try to get a garnishment against you," and "I mean, [the creditor] have [sic] the means necessary to do it (sue), and you're local so they don't have to retain an attorney out of state."

21. That to date no legal action has been commenced against Plaintiff regarding this $40.00 Debt, and upon information and belief Defendant did recommend suit, did not sue, and did not intend to sue Plaintiff on this $40.00 Debt.  These actions violate the FDCPA, as false and misleading representations, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10); and harassment or abuse (15 U.S.C. § 1692d) in connection with the collection of a debt.

22. That following such threats of legal action, Plaintiff was upset, nervous, and distressed, and again contacted Defendant via telephone on or about September 2, 2008 (the "September 2 Communication"), in an effort to avoid legal action, and again in an effort to remove his mother's telephone number from the Account.

23. That during the September 2 Communication, Defendant stated to Plaintiff "aren't you right around our office? [...] We're on Niagara Falls Boulevard," which statement as to the close physical proximity of Plaintiff's person and Defendant's office Plaintiff believed was intended as, and received it as, a threat, and done to frighten and abuse Plaintiff into paying the debt.

24. That during the September 2 Communication Defendant made misrepresentations as to the commencement of legal action, and the urgency of resolving this matter, to wit: in response to Plaintiff's question as to whether or not it was true that Defendant intended to sue Plaintiff within the next week or two weeks, that Defendant responded, "I'm showing that it is, because, you know, to have a suit against you is public record in the amount of $40.00 would be embarrassing [sic]."  This statement was done to frighten, embarrass and abuse Plaintiff into paying the Account, and misrepresented that a suit was filed or intended to be filed, and violated the FDCPA.

25. That during such September 2, 2008, telephone conversation Defendant demanded payment, and threatened Plaintiff that "why don't we just call your mom and dad and see if she can help you resolve it."

26. That following such threat, Plaintiff prohibited Defendant from calling his mother, and again explained that he was 33 years old and has not been living with his mother, to which Defendant replied, "you're 33 years old and you can't even pay a $40.00 bill? Come on, [inaudible] is not that bad, we're in the same town here." These actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

27. That during such September 2 Communication Defendant stated, "ok, then your mom's number is not going to be removed- that's it if you want to know," and "it's not being removed, okay? I mean the calls are going to continue- you got a $40.00 balance here buddy." These statements and actions constitute violations of the FDCPA, including, but not limited to, false and misleading representations, 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10); and harassment or abuse (15 U.S.C. § 1692d).

28. That during such September 2 Communication Defendant proceeded to provide Plaintiff with the first names of Plaintiff's mother, father, and other family members, and detailing the exact street on which his parents resided, which actions were done with no other purpose then with the intent to threaten, embarrass, and abuse the Plaintiff into paying, and violate the FDCPA.

29. That following such threats, and following Defendant's request that Plaintiff ask these individuals for help, Plaintiff stated he would not ask those individuals for money, to which the Defendant firmly stated, "I'll ask them for you- have a nice day." This statement and action constitute violations of the FDCPA, including, but not limited to, false and misleading representations, 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10); and harassment or abuse (15 U.S.C. § 1692d).

30. That Defendant's statements and actions are part of a campaign of abusive and unlawful collection tactics directed at Plaintiff.

31. That as a result of the actions of Defendant, Plaintiff has been embarrassed, humiliated, become upset, and suffered damages, including emotional distress.

### FIRST CAUSE OF ACTION UNDER THE FDCPA

32. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 31.

33. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b), through its communication with an multiple unauthorized third parties, as described in this complaint.

34. That as a result of such violation Plaintiff has suffered damages, including emotional distress.

## SECOND CAUSE OF ACTION UNDER THE FDCPA

35. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 34.

36. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

37. That as a result of such violation Plaintiff has suffered damages, including emotional distress.

## THIRD CAUSE OF ACTION UNDER THE FDCPA

38. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 37.

39. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f, by communicating false, deceptive, and/or misleading representations to Plaintiff in an attempt to collect a debt, as described in this complaint.

40. That as a result of such violations Plaintiff has suffered damages, including emotional distress.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages as proven at trial, on each and every claim, pursuant to 15 U.S.C. § 1692k;
    B.    Statutory Damages pursuant to 15 U.S.C. § 1692k;
    C.    Costs, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;
    D.    For such other and further relief as may be just and proper.

Dated:    October 17, 2008

    /s/Christopher D. Smith_____
    Christopher D. Smith, Esq.
    CHRISTOPHER D. SMITH& ASSOCIATES
    *Attorney for Plaintiff*
    42 Lake Street
    Hamburg, New York 14075
    Telephone: (716)648-1400
    Email: cdsmith@cdsmithassociates.com

## VERIFICATION

I, DANIEL FERLOIN, verify that I am the Plaintiff in this action and that the foregoing Complaint, that the facts contained therein are true and correct to the best of my knowledge, information, or belief under penalties of perjury as provided by law, that this Complaint is not filed for any improper purpose, such as to harass any Defendant, and that the Complaint is filed in good faith and is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

/s/DANIEL FERLOIN
DANIEL FERLOIN   Dated:10/17/08

1st call on or about 8/22/08
2nd call on or about 8/25/08
3rd call on or about 9/2/08